MINNESOTA MINING & MFG. CO. v. COE,
Commissioner of Patents.

Equity No. 63916, Civil No. 851.

District Court of the United States for the District of Columbia.

June 5, 1939.

H. H. Benjamin, of Washington; D. C. (Paul Carpenter, of Chicago, Ill., and J. T. Basseches, of New York City, of counsel), for plaintiff.

R. F. Whitehead, of Washington, D. C., Solicitor of the Patent Office, for defendant.

LUHRING, Justice.

The plaintiff in these cases seeks a patent pursuant to the provisions of Section 4915 R.S., 35 U.S.C.A. § 63. They have been consolidated for the purpose of trial, because of identical subject matter, that is, Improvement in Vinyl Resin Adhesive Sand Paper, and because the application involved in Civil Action No. 851 is a division or continuation of the application in Equity No. 63,916. The applicant in each case is Byron J. Oakes. The application of Equity No. 63,916 was filed with the Patent Office August 24, 1931, and given serial number 558,872. The application in Civil Action No. 851 was filed September 2, 1938 and given serial number 228,188.

The plaintiff is the assignee of Byron J. Oakes.

The invention involves the use of vinyl resins, and concerns flexible or sheet abrasive articles comprising a cloth or other fibrous or flexible backing to which is applied one or more layers of organic or resinous material, one of such layers of resinous material serving to bond a layer of abrasive grains to the backing. Such sheet abrasive articles may be cut into different forms, such as squares or rectangular pieces, depending upon the particular circumstance of use. One of these forms is an abrasive belt for finishing glass, which was referred to during the hearing as a wet belt.

As originally filed, the complaint in Equity No. 63,916 contained forty-eight claims for which patent was sought. All of these claims had been rejected by the Primary Examiner, and his action was affirmed by the Board of Appeals. At the hearing claims numbered 1, 3, 9, 16, 17, 20, 34, 36, 60, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 76, 77, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 89, 90, 91 and 93 were withdrawn, and as to each of such claims the complaint is dismissed.

We now have for consideration in Equity No. 63,916 claims 7, 8, 10, 18, 19, 33, 61, 74, 75, 83 and 92.

In Civil Action No. 851, ten claims are involved, numbered 1 to 10, inclusive. These claims were rejected by the Primary Examiner and on appeal his action was affirmed by the Board of Appeals.

Claims 83 and 92 of Equity No. 63,916 were copied from the patent to Hepp, 1,-932,104, and were rejected by the examiner on the ground of lack of disclosure.

These claims are identical with claims one and ten of the Hepp patent. Hepp's invention relates to abrasive articles and the method of making the same. He teaches the use of synthetic rubber, also known as chloroprene, as the binder or filler for abrasive or polishing articles.

The application does not support claims 82 and 92. Its disclosures relate to vinyl resins and there is no disclosure of chloroprene, nor any recognition of the existence of such substance.

The other claims involved in Equity No. 63,916 were rejected on the grounds (1) of multiplicity and (2) lack of invention

in view of the prior art as taught in the following patents:

| | | | |
|---|---|---|---|
| Brenizer, | 922,382, | May | 18, 1909, |
| Graft, | 1,217,593, | Feb. | 27, 1917, |
| Klatte, et al., | 1,241,738, | Oct. | 2, 1917, |
| Plauson, | 1,451,843, | Apr. | 17, 1923, |
| Okie, | 1,581,657, | Apr. | 20, 1926, |
| Power, | 1,615,231, | Jan. | 25, 1927, |
| Klein, et al., | 1,687,453, | Oct. | 9, 1928, |
| Ostromislensky, | 1,721,034, | July | 16, 1929, |
| Carlton, | 1,736,964, | Nov. | 26, 1929. |
| Carlton, | 1,775,631, | Sept. | 16, 1930, |
| Nieuwland, | 1,812,541, | June | 30, 1931, |
| Collins, | 1,812,544, | June | 30, 1931. |

The claims in Civil Action No. 851 were rejected by the examiner as unpatentable over the prior art as exemplified in the patents to Brenizer, Klatte, et al., Okie, Carlton, 1,775,631, Nieuwland and Collins mentioned above.

In addition to these references, the defendant, in his answer to the complaint in Civil Action No. 851, includes the remaining references cited in Equity No. 63,916, and, in addition, the patent to Benner, et al., 1,825,771, October 6, 1931, as further sustaining the rejection of such claims on the art.

The following claims are selected as being more or less illustrative:

Equity No. 63,916.

"7. An Abrasive article comprising a bonded grit or layer of abrasive particles including a flexible waterproofing layer of a polymerized product of an organic compound or mixtures thereof having the general formula R-CH-CH-R, wherein either or both substitute R radicals is an organic radical, such as an ester, acyl, aryl, or alkyl radical or hydrogen or a halide radical, such as the chloride, bromide radical or the acetate radical, said compound forming a coating having the characteristics of resisting penetration by abraded particles when used in abrading operations, and effectively avoiding clogging of the abrading edges of said abrasive particles.

"75. A coating or layer in which abrasive particles are embedded with resistance to penetration by abraded particles comprising the polymerized and oxidized produce of a mixture including as an ingredient a preformed drying oil which is a liquid non-volatile open chain polymerization product of a material containing divinyl acetylene."

Civil Action No. 851.

"3. An abrasive article comprising a fibrous material, a coating therefor of a thermoplastic material composed of a polymerization product of an organic compound, the latter having the bond group -C-C-, and a multiplicity of abrasive particles, all joined together in the abrasive article.

"4. An abrasive article comprising a fibrous sheet, an impregnating or sizing coat for said fibrous sheet comprising a thermoplastic polyvinyl compound, an organic binder coat joined in integral relation with the impregnated fibrous sheet aforesaid, and a multiciplicity of abrasive particles anchored by said binder coat, said organic binder coat being of composition different from said impregnating or sizing coat.

"8. An abrasive article comprising a body of fibrous material, an abrasive-bonding·or binder coat joined in integral relation therewith, said binder coat being an organic material which will harden at normal temperatures and is composed, to substantial extent at least, of a polymerization product of an aliphatic vinyl monomer, and a multiplicity of abrasive particles embedded in said binder coat and thereby joined in integral relation with the fibrous sheet aforesaid."

The disclosures of the various references relied on by the Patent Office to justify the rejection of the claims may be briefly noted as follows:

Brenizer, No. 922,382. This patent discloses an abraded device in the nature of sand paper which consists of metallic backing upon which abrasive grit is bonded by means of varnish such as Japan.

Graft, No. 1,217,593. This patent shows an abrasive sheet which consists of a backing, a layer of grit and a bond and an application of sizing coats to water-proof the backing. The backing material may be metal, wood, paper, cloth or any desired fabric and those not water-proof by nature are rendered so by means of a water-proof coating on one or both sides of the backing. Such water-proofing material may be cellulose such as collodion. These sheets may be later cut up into what is known as dental atrition disks.

Klatte, et al., No. 1,241,738. This patent discloses vinyl resins which may be used to replace celluloid in the arts, for such purposes as films, lacquers, paints, impregnating materials, etc.

Plauson, No. 1,451,843, shows the manufacture of vinyl resin and its use as varnish which may be substituted for celluloid varnish.

Okie, No. 1,581,657, discloses an abrasive article in the nature of sand paper which consists of a paper backing, a grit, a varnish bond and a sizing which is also a varnish.

Power, No. 1,615,231, presents an abrasive article in the nature of sand paper which consists of a backing, a grit and a bond. The bonding material is a cellulose ester, and a sizing coat having a water-proofing characteristic makes the backing water-proof.

Klein, No. 1,687,453, discloses an abrasive article in the nature of sand paper which consists of a sheet such as paper which has been rendered water-proof by passing it through linseed oil, etc., a grit and a bond for cementing the grit on the backing which bond is a complex varnish. A sizing coat may be placed upon the bond and grit to more firmly anchor the grit to the base.

Ostromislensky, No. 1,721,034, teaches a method of manufacturing vinyl resins and their use which is comparable to that of celluloid when used to replace celluloid in the manufacture of article.

Carlton, No. 1,736,964, discloses an abrasive body in the nature of a sand paper which consists of a backing sheet which had been rendered water-proof by a sizing coat which also acts as a barrier coat, a bond and an abrasive varnish. The bond is a modified cellulose ester varnish.

Carlton, No. 1,775,631, discloses the manufacture of an abrasive article in the nature of sand paper which consists of a fabric or cloth backing which has been rendered water-proof by a varnish which is flexible and upon which is fastened an abrasive grit by means of a varnish-like resin.

Nieuwland, No. 1,812,541, discloses a method of manufacturing varnish of vinyl resins.

Collins, No. 1,812,544, teaches the manufacture of vinyl resins and their use as varnish material to replace the cellulose esters in the varnish art.

■ It must follow that the prior art cited by the Patent Office is sufficient to defeat the claims in issue in Equity No. 63,916.

It is old and well known in the art to use varnishes as bonds as especially pointed out in the patents to Brenizer and Okie.

It is likewise old to use the well known celluloid varnishes or lacquers as bond agents for sand paper as disclosed by the patents to Graft, Power and Carlton.

Patents to Ostromislensky, Klatte and Plauson show that vinyl resins are old in the varnish art and that these resins may be substituted for celluloids. So it appears there is but an obvious substitution of the vinyl resins of the latter patents as the full equivalent of the cellulose bonds of the former. It would not involve invention in the sand paper art to substitute a vinyl varnish for a Japan or cellulose lacquer.

The subject matter of the claims in issue in Civil Action No. 851 was prosecuted in claims found in application 558,872. As we have seen, the application involved in Civil Action 851 is a division or continuation of the application 558,872, which is in suit here in Equity No. 63,916.

Therefore, the grounds of rejection and the reference applicable to Equity No. 63,916 govern the consideration of the claims involved in Civil Action No. 851, and it is not necessary to repeat what has been said.

The Benner patent, alleged in the answer in Civil Action No. 851 to be an example of the prior art, describes the use of a vinyl compound, namely, styrene, as a binder in making a rigid or moulded abrasive article. The patent refers to "meta-styrene" and also uses the broader term styrol.

■ Claims 1, 2, 3, 6, 7, 8, 9 and 10 of Civil Action No. 851 must be denied as unpatentable in view of the prior art.

During the hearing particular reference was made to claims 4 and 5. Each of these claims defines a flexible sheet abrasive article of the type known as "wet belts." It is so named because the article is cut into sizes and formed into belts which are used on sanding machines having rotating pulleys over which the belt is mounted. This product is especially adapted to the finishing of glass.

Dry sanding belts for abrading glass were in use for approximately twenty years prior to the invention of Oakes. The use of these dry belts is finishing glass caused a dusty atmosphere, which was extremely hazardous to the workman and, in many cases, causing silicosis. Also these dry belts caused the article being abraded or polished to become very hot, and thus caused chipping or burning of the glass.

■ Never prior to the Oakes invention was a flexible abrasive article produced by any means or of any character which could commercially be used wet for abrading or polishing glass. His invention

solved the problem of the glass industry. It is new to the art and decidedly useful, and, therefore, patentable. Claims 4 and 5 are allowed.

The bill of complaint in Equity No. 63,-916 as to the claims in issue will be dismissed, and as to the claims withdrawn, it is likewise dismissed.

The complaint in Civil Action No. 851 is dismissed as to all claims in issue except claims 4 and 5 which are allowed.

Counsel will prepare formal findings of facts and conclusions of law in accord with the views herein expressed and submit appropriate decree of dismissal and authorizing the Commissioner of Patents to issue patent for claims 4 and 5 of Civil Action No. 851, pursuant to the provisions of Section 4915, R.S.