## MINNESOTA MINING & MFG. CO. v. COE, Comissioner of Patents.

### No. 63261.

District Court of the United States for the District of Columbia.

June 6, 1939.

H. H. Benjamin, of Washington, D. C. (Paul Carpenter, of Chicago, Ill., and J. T. Basseches, of New York City, of counsel), for plaintiff.

R. F. Whitehead, of Washington, D. C., Solicitor of the Patent Office, for defendant.

LUHRING, Justice.

This is a proceeding under Section 4915 R.S., 35 U.S.C.A. § 63, to authorize and direct the Commissioner of Patents to issue a patent.

On the 6th day of October, 1933, one Howard G. Bartling made application for a patent for improvements in Abrasive Element. This application was given serial number 692,436.

The plaintiff is the owner of the invention by virtue of assignment duly executed by the said Bartling.

The invention relates to an abrasive article in the nature of sand paper which may have a backing made up of one of a number of different materials, a grit of well known character and composition, and a resinous bond generally identified as one of the vinyls or a mixture of vinyl resins.

The claims were rejected by the Patent Office as not patentable in view of the prior art as exemplified by the following patents:

| | | | |
|---|---|---|---|
| Stempel, | 1,208,688, | Dec. 12, 1916, |
| Graft, | 1,217,593, | Feb. 27, 1917, |
| Klatte, et al., | 1,241,738, | Oct. 2, 1917, |
| Power, | 1,615,231, | Jan. 25, 1927, |
| Carlton, | 1,736,964, | Nov. 26, 1929, |
| Benner, et al., | 1,825,771, | Oct. 6, 1931. |

Claims 2, 3, 10, 11, 12 and 13 have been withdrawn, leaving for consideration here claims 1, 4, 5, 6, 7, 8, and 9.

Claims one and nine are illustrative, and read as follows:

"1. An article of manufacture comprising a flexible backing of the character including cloth, paper, fabric, cellulose material, plastic or semi-plastic material, a coating of material on said backing and of which coating vinyl is a constituent part, and an abrasive secured to said backing by said coating, said coating being characterized by its adhesion to the abrasive and any of the backing materials enumerated."

"9. An adhesive for bonding grit to a surface forming base of the character including cloth, paper, fabric, cellulose material, plastic or semi-plastic material to form with such base an article of the nature of a flexible abrading element, said adhesive including vinyl acetate, and vinyl chloride, said adhesive being characterized by its adhesion to the abrasive and any of the backing materials enumerated."

This case was heard along with Minnesota Mining and Mfg. Co. v. Coe, D.C., 28 F.Supp. 430. The prior art here in-

·voked was involved in those cases and is considered in a memorandum opinion.

The Examiner in reviewing the prior art said: "The references clearly show the old use of cellulosic ester bonds for adhesively holding abrasive grit upon the faces of a backing sheet to form an abrasive article in the nature of sand paper. Attention is particularly directed to patents to Stempel, Graft, Power and Carlton. It is old in the art to substitute vinyl resins for cellulosic ester materials and attention is specifically directed to the Klatte patent and especially to the paragraph appearing on page 1, from lines 19–29, inclusive in which paragraph the following appears: * * * whereby solid masses which may be as clear as glass and colorless is obtained these masses having properties which render them useful in the arts, for instance, they constitute excellent substitutes for celluloid or like substances.' In view of this statement in the Klatte patent and the general disclosure of the patent, it seems quite obvious and quite a natural step to substitute vinyl resins for the cellulose esters of Stempel, Graft, Power or· Carlton."

The conclusion reached by the Examiner is sustained by the references cited, and the court finds that the claims in issue are not patentable in view of the prior art, and the bill of complaint should be dismissed.

It is so ordered, and counsel will please present formal findings of fact and submit decree·dismissing the complaint as to all claims, including those withdrawn.